| | |
|---|---|
| 1 | PETER S. DOODY (Bar No. 127653) |
|   | Doody@higgslaw.com |
| 2 | HIGGS FLETCHER & MACK LLP |
|   | 401 West A Street, Suite 2600 |
| 3 | San Diego, California 92101-7910 |
|   | Telephone: (619) 236-1551 |
| 4 | Facsimile: (619) 696-1410 |
| 5 | Attorneys for Defendant JIR Fighter, Inc. |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| JESUS JESSE CADENA, | Case No. |
| Plaintiff, | NOTICE OF REMOVAL OF ACTION PURSUANT TO U.S.C. §§1332 (A), 1441 (B) (DIVERSITY) |
| v. | |
| JIR FIGHTER, INC., ILENYA IGNACCHITI; and DOES 1 to 50, inclusive, | [DEMAND FOR JURY TRIAL] |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that Defendant JIR FIGHTER, INC. ("hereinafter JIR") hereby removes this action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446. This case is being removed upon grounds of diversity and jurisdiction based on the allegations of Plaintiff JESUS JESSE CADENA ("Plaintiff").

# I.
# STATEMENT OF THE CASE

1. On December 21, 2021, plaintiff filed a lawsuit in the Superior Court of the State of California, County of San Bernardino, entitled *Jesus Jesse Cadena v. JIR Fighter, Inc., Ilenya Ignacchiti*, Case No.: CIV SB 2134862. (Doody Declaration ¶ 2).

2. In his Complaint, Plaintiff alleges causes of actin for motor vehicle negligence, and general negligence against JIR Fighter Inc. and its driver Ilenya Ignacchiti ("Ignacchiti"). This accident occurred in the early morning hours of December 27, 2019 on southbound Interstate 15, in the jurisdiction of the City of Fontana in San Bernardino County. Plaintiff was operating a Nissan Versa automobile southbound Interstate 15 in the number 3 lane. Defendant Ignacchiti was a commercial driver with JIR Fighter Inc., and operating a tractor-trailer owned by JIR Fighter Inc. Both the JIR Fighter Inc. tractor and trailer were licensed in the Province of Manitoba, Canada. The JIR Fighter Inc. tractor-trailer was in the number 2 lane of southbound Interstate 15. It is alleged the JIR Fighter Inc. tractor-trailer made a lane chance from the number 3 lane into the number 2 lane and sideswiped plaintiff's vehicle causing property damage to both vehicles. The California Highway Patrol was summoned to the scene and created a traffic collision report.

3. On December 21, 2021, Plaintiff filed the Complaint in the Superior Court of California, County of San Bernardino. On February 3, 2022, Summons was issued by the court clerk.

4. On June 30, 2023, JIR Fighter Inc. was served on its registered agent with the Summons and Complaint. Defendant Ignacchiti has yet to be served with the Complaint.

5. A true and correct copy of the Summons and Complaint served on JIR Fighter Inc. is attached hereto as Exhibit "B. "

6. In accordance with 28 U.S.C. Section 1446(a), a copy of all process and pleadings served on JIR Fighter, Inc. hereto as Exhibit "A" (Complaint) and Exhibit "B" (service documents).

## II.
## TIMELINESS OF REMOVAL

6. A defendant in a civil action has thirty (30) days from the date it is served with a Summons & Complaint to remove the action to Federal Court. 28 U.S.C. §1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

7. In this matter, JIR Fighter, Inc.'s agent for service of process was served on June 30, 2023. (Doody Declaration ¶ 3). The 30-day statutory period therefore falls on July 31, 2023, and this Notice of Removal was timely filed.

/ / /

8. To JIR Fighter, Inc.'s knowledge, no other individual or fictitious "DOE" Defendants have been served in this action. (Doody Declaration ¶ 4). As such, their consent to this removal is not required.

9. The driver of the JIR Fighter Inc. tractor-trailer, Defendant Ignacchiti has not been served as of the time of the filing of this Notice of Removal. (Doody Declaration ¶ 4).

## III.
## BASIS FOR REMOVAL

10. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and which may be removed by JIR Fighter, Inc. Transportation pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states where the amount in controversy, as framed in the allegations in the Complaint exceeds the sum or value of $75,000, exclusive of interest and costs.

**A.   Diversity of Citizenship**

11. At the time the action was commenced, and at the time of removal, Plaintiff is a citizen of the State of California, in that he is a citizen of the United States of America who is domiciled in, and resides in the State of California.  See Kantor v. Wellesley Galleries, Ltd. 704 F.2d 1088, 1090 (9th Cir. 1983); Kanter v. Warner-Lambert, Co., 265 F.3d 853, 857 (9th Cir. 2001).

12. For diversity purpose a corporation is a "citizen" both of the State in which it was incorporated and of the state where it has its principal place of business. 28 U.S.C. §1332(c)(1); Hertz Corp. v. Friend, 130 S. Ct. 1881, 1886 (2010).

13. At the time the action was commenced, and at the time of removal, Defendant JIR Fighter, Inc. is a Canadian corporation organized and existing under the laws of Canada. JIR Fighter, Inc.'s principal place of business is the municipality of Ile Des Chenes which is located in the province of Manitoba, Canada. JIR Fighter, Inc. was incorporated in the year 2015 pursuant to the Canada Business Corporations Act (CBCA) and was incorporated in Winnipeg, Manitoba, Canada. (Doody Declaration ¶ 5).

14. Although unserved at this time, Defendant driver, Ilenya Ignacchiti, at the time the action was commenced and at the time the action was removed is a resident of the Province of Manitoba, Canada.

15. Defendant DOES 1-50, inclusive, are unidentified as there is "no information as to why they are or where they live or their relationship to this action." It is therefore proper for the District Court to disregard them." McCabe v. General Foods Corp., 811 F.2d 1336,1339 (9th Cir. 1987).

16. Accordingly, diversity of citizenship exists because plaintiff (California) is not a citizen of the country of Canada the same country as JIR Fighter Inc and unserved Defendant Ignacchiti.

**B.     Amount in Controversy**

17.     For purposes of diversity jurisdiction, when a Complaint is unclear and does not specify a "total amount in controversy" the jurisdictional minimum may be satisfied by claims for compensatory and general damages.  Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002), quoting Conrad Association v. Hartford Accident & Indemnity Co., 994 F. Supp. 1196, 1998 (N.D. Cal. 1998).

18.     In his Complaint, plaintiff seeks money damages for hospital and medical expenses, general damages, past wage loss, and future loss of earning capacity.  In his Complaint plaintiff also states he has been hurt and injured in his health, strength and activity, sustaining injuries and damages to his body and nervous system, all to his detriment. Since this is a personal injury case plaintiff is not permitted pursuant to the California Rules of Civil Procedure to include in the Complaint a specific sum of damages.  See California CCP § 425.10(b).

19.   However, at the time of service of the Complaint Plaintiff also served a separate "Statement of Damages" pleading pursuant to California Code of Civil Procedure section 585.  Plaintiff's Statement of Damages asserts $5,000,000 for pain and suffering and inconvenience, and an additional $5,000,000 for emotional distress.  Plaintiff also seeks an additional $5,000,000 for medical expenses. Plaintiff's Statement of Damages also lists future medical expenses, past lost earnings and future loss of earning capacity – all amounts to be determined.

Accordingly, based on Plaintiff's Statement of Damages, the case has a value in excess of $15,000,000. (Doody Declaration ¶ 6). Thus, including pain and suffering, and past and future economic damages, the relief sought by plaintiff in this action vastly exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C. 1332(a) and 1441(a).

## IV.
## ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

22. Plaintiff originally filed his complaint in the Superior Court of California, County of San Bernardino, which is located within the Central District of California. Therefore, venue is proper in this Court as it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1141(a).

23. Pursuant to 28 U.S.C. § 1446(d), IRS Transportation will give notice of the removal of this action to all parties and is filing a copy of the notice with the Superior Court of California, County of San Bernardino.

## V.
## JURY TRIAL DEMAND

24. Defendant JIR Fighter, Inc. hereby demands a trial by jury on all causes so triable.

# VI.
# CONCLUSION

WHEREFORE, JIR Fighter, Inc. prays that the above-entitled action now pending against it in the Superior Court of California, County of San Bernardino, be removed to this Court.

Dated: July 31, 2023              HIGGS FLETCHER & MACK LLP


                                  By:   */S/ Peter S. Doody*
                                        PETER S. DOODY
                                        Attorneys for Defendant JIR Fighter, Inc.

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

11787714.1                         8